[Cite as *State v. Jackson*, 2020-Ohio-803.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108504 |
| v. | : | |
| AIRYYON JACKSON, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-622674-A and CR-18-633107-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon Piteo, Assistant Prosecuting Attorney, *for appellee.*

Kelly Zacharias, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Airyyon Jackson appeals the trial court's imposition of consecutive sentences. Upon review, we affirm.

**Background**

{¶ 2} In October 2018, appellant was charged under a three-count indictment in Cuyahoga C.P. No. CR-18-633107-A. The charges arose from appellant's sexual assault of two victims. In March 2019, appellant entered a plea of guilty to an amended Count 1, rape, a felony of the third degree; and an amended Count 3, gross sexual imposition, a felony of the fourth degree. The remaining count was nolled.

{¶ 3} As a result of case No. CR-633107, appellant violated an intervention-in-lieu-of-conviction program imposed in another case, Cuyahoga C.P. No. CR-17-622674-A, in which he had pled guilty to one count of drug possession, a felony of the fifth degree.

{¶ 4} Appellant was sentenced in both cases on April 2, 2019. At the sentencing hearing, the trial court indicated that it had reviewed the presentence-investigation report ("PSI"). Defense counsel presented mitigating factors, noting appellant's high school achievements, some college education, work and volunteer history, family support, and other factors. Defense counsel indicated that appellant was remorseful for the decisions he made and that "[t]hese decisions were made at a long night of drinking and intoxication between a number of people." The trial court heard from appellant, who expressed his remorse. Defendant's sister also addressed the court.

{¶ 5} The trial court heard from the two victims in case No. CR-633107. The victim of the gross sexual imposition stated that although she is considered a

victim, she did "not hold nearly as much anger for what [appellant] did to me" as for what he had done to the other victim. She also stated that "I do not consider myself a victim" and asked for justice for the other victim. The rape victim indicated she cried for hours before driving herself to the hospital and stated, "[e]very time I think about it I feel disgusting and gross, and the same fear and anxiety that I felt that morning resurfaces[.]" She further indicated, "you can be a really, really great person and it's still a really horrible thing to do."

{¶ 6} The assistant prosecutor noted appellant had been given prior opportunities in the past, noting a 2016 drug-related case that resulted in a misdemeanor conviction, and the other case in which he was given the opportunity for treatment in lieu of conviction. The assistant prosecutor also noted the psychological harm to the rape victim, and indicated that both of the victims were asleep in the same bed when they were sexually assaulted and that they "did not induce or facilitate [the offenses] in any way."

{¶ 7} In case No. CR-622674, the trial court imposed a prison term of 12 months on the drug-possession count. In case No. CR-633107, the trial court imposed a prison term of four years on the rape count and a concurrent term of 18 months on the gross-sexual-imposition count. The trial court ordered the sentence imposed in case No. CR-633107 to run consecutive to the sentence in case No. CR-622674, for a total of five years. The trial court set forth the statutory findings for imposing consecutive sentences on the record and in the journal entry.

{¶ 8} Appellant timely filed this appeal.

**Law and Analysis**

**{¶ 9}** Under his sole assignment of error, appellant claims that "[t]he record does not support the findings that consecutive sentences were appropriate." He argues that the record is insufficient to justify the consecutive sentences and that the trial court merely recited the findings under R.C. 2929.14(C)(4) without applying the facts. Our review reflects otherwise.

**{¶ 10}** Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. A reviewing court may overturn the imposition of consecutive sentences only if it clearly and convincingly finds that either (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." R.C. 2953.08.

**{¶ 11}** Before a trial court may impose consecutive sentences, the court must make specific findings mandated by R.C. 2929.14(C)(4) and then incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. R.C. 2929.14(C)(4) authorizes the court to order consecutive service of multiple sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and additionally (3) that (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) at least two of the offenses

caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

{¶ 12} In this case, the trial court determined that the imposition of consecutive sentences was appropriate and made all of the required findings for imposing consecutive sentences, stating as follows:

> I have considered that consecutive sentences would be appropriate. This happened while he was on probation, that one single sentence would not adequately serve this harm that's caused, that it wouldn't demean — let me make sure I'm making the right findings. It's necessary to protect our community and punish this offender. It's not disproportionate * * * to the harm caused and I'm finding that this crime was committed while he's under a sanction.
>
> The harm is so great or unusual, a single term would not adequately reflect the seriousness. And that criminal history, as I just outlined, shows that consecutive terms are needed to protect the public.
>
> So the counts are concurrent in case 633107, but consecutive to the 12 months in 622674.

The trial court also stated the required findings in the journal entry.

{¶ 13} Appellant argues that the trial court did not give any consideration to the findings. He claims that the trial court merely recited the findings and did not set forth specific facts causing the requisite findings to be satisfied. He further claims that the record does not support the imposition of consecutive sentences.

{¶ 14} In support of his argument, appellant cites *State v. Peak*, 8th Dist. Cuyahoga No. 102850, 2015-Ohio-4702, which was a case in which the trial court had set forth specific facts that supported each of the findings made. Although it may be the better practice for a trial court to discuss specific facts relating to each of the statutory findings, the Supreme Court of Ohio has held that a trial court is not required to give reasons to support the statutory findings required to impose consecutive sentences. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 24, 27. If the "reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 15} Upon our review in this matter, we find that the trial court engaged in the correct analysis, "considered that consecutive sentences would be appropriate," and followed the law for imposing consecutive sentences. Also, we find the record contains evidence to support each of the findings made by the trial court.

{¶ 16} At the sentencing hearing, the trial court heard from defense counsel, appellant, appellant's sister, the two victims, and the assistant prosecutor. The sexual-assault offenses were committed against two women and while appellant was under sanction in another case. Appellant conceded that he was in violation of the intervention-in-lieu-of-conviction program in case No. CR-622674.

{¶ 17} The trial court considered appellant's criminal history and noted that although appellant did not have an extensive criminal history, "there is definitely a criminal history that's concerning to the court." The court also recognized that

appellant committed the offenses in case No. CR-633107 while he was on probation. Further, the trial court was aware that "[d]rugs and alcohol had a key ingredient to all this, and [appellant] had the opportunity to stop the drugs and the alcohol and [he just wasn't] able to do it."

{¶ 18} The trial court also commented upon the emotional harm caused to the two victims. The court stated "[t]hese are one of the most serious types of crime that — it's a violation so personal that it's — that harm lasts many, many years, and in some cases it never goes away." Although one of the victims indicated she did not feel like a victim, the court indicated that "she's supporting her friend as well." The court further recognized that "one of the first things is you tend to blame yourself" and that "[n]o one is to blame for this other than Mr. Jackson."

{¶ 19} Upon our review, we are unable to clearly and convincingly find the record does not support the trial court's findings under R.C. 2929.14(C)(4), or that the sentence is otherwise contrary to law. Appellant's sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
RAYMOND C. HEADEN, J., CONCUR